```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LAI YOONG LOW, et al.,               :
                                            12 Civ. 7237 (HBP)
                Plaintiffs,          :
                                            OPINION
    -against-                        :      AND ORDER

TIAN YU INC., et al.,                :

                Defendants.          :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

      Plaintiffs Ji Hui Zhang and Lai Yoong Low seek to substitute Zhang, as representative of the estate of plaintiff Bin Xie, for Xie individually pursuant to Federal Rule of Civil Procedure 25 (Notice of Motion, dated December 8, 2014 (Docket Item 50)), and to amend the complaint to reflect that Zhang, in a representative capacity, has been substituted for Xie.  The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

      For the following reasons, I grant plaintiffs' motion for substitution, and I grant plaintiffs leave to amend the complaint to reflect Xie's substituted status.

II.  Facts

Plaintiffs Zhang, Low and Xie commenced this action against their former employer, Tian Yu Inc. d/b/a Aki Sushi Restaurant Inc. ("Aki Sushi") and its principal, Zhao Yu Chen, to recover for various alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("Labor Law"), N.Y. Lab. Law §§ 190 et seq., §§ 650 et seq. (Amended Complaint, dated December 18, 2012 (Docket Item 14) ¶¶ 1-2).

Xie died intestate on September 8, 2014 (Declaration of Benjamin Frederici, Esq., in Support of Motion for Substitution, dated December 8, 2014 (Docket Item 51) ("Frederici Decl.") ¶¶ 3-4; Xie's Death Certificate, annexed as Ex. 2 to Frederici Decl.). Defendants claim that Xie took his own life after shooting another person (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Substitution Pursuant to F.R.C.P. 25, dated January 8, 2015 (Docket Item 57) ("Defs.' Mem.") at 7).

Plaintiffs initially sought to substitute Xie's wife, Yingmei Hu, for Xie based on the fact that she was "preparing papers to petition" for Letters of Administration of Xie's estate (Frederici Decl. ¶¶ 4, 6-7; Plaintiffs' Memorandum of Law in

2

Support of Motion for Substitution Pursuant to F.R.C.P. 25, dated December 8, 2014 (Docket Item 52) ("Pls.' Mem.") at 4).

In their reply brief, however, plaintiffs abandoned their request to substitute Xie's wife and sought instead to substitute Zhang as the representative of Xie's estate (Plaintiffs' Reply Memorandum of Law in Support of Motion for Substitution Pursuant to F.R.C.P. 25, dated February 9, 2015 (Docket Item 64) ("Pls.' Reply") at 1). Plaintiffs have submitted the Certificate of Appointment of Administrator ("Certificate"), dated January 16, 2015, which granted Letters of Limited Administration of Bin Xie's estate to Ji Hui Zhang (Certificate, annexed as Ex. 1 to Pls.' Reply). The limited letters prohibit Zhang from: (1) collecting or receiving any fund or property on behalf of Xie, (2) compromising an action on behalf of Xie, (3) enforcing a judgment entered in favor of Xie, or (4) compromising or enforcing a judgment in an action for Xie's wrongful death (Decree, annexed as Ex. 2 to Pls.' Reply).

III. Analysis

> Under Federal Rule of Civil Procedure 25,
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a

3

>     statement noting the death, the action by or against
>     the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

To substitute a party pursuant to Rule 25(a)(1), (1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party.  <u>Allen ex rel. Allen v. Devine</u>, 09-cv-668 (ADS)(ETB), 10-cv-1319 (ADS)(ARL), 2011 WL 5117619 at *2 (E.D.N.Y. Oct. 25, 2011); <u>see</u> <u>Unicorn Tales, Inc. v. Banerjee</u>, 138 F.3d 467, 469 (2d Cir. 1998).

1.   <u>Timeliness</u>

Rule 25 establishes a ninety-day period, running from the filing of a suggestion of death, for any party to make a motion to substitute a party for the decedent.  Fed.R.Civ.P. 25(a)(1); <u>see</u> <u>Kaplan v. Lehrer</u>, 173 F. App'x 934, 935 (2d Cir. 2006) (summary order); <u>Go v. Rockefeller Univ.</u>, 04 Civ. 4008 (JSR)(HBP), 06 Civ. 1825 (JSR)(HBP), 2013 WL 3816700 at *3 (S.D.N.Y. July 19, 2013) (Pitman, M.J.).  Now that letters of administration have been submitted, defendants do not appear to

4

dispute that plaintiffs' motion for substitution was timely (see Defs.' Mem. at 6).[1]

    2.   Survival of Claims

Defendants contend that Xie's FLSA claims should not survive because Xie was a murderer, and "principles of equity should not be used for the benefit of a person who has committed such a heinous act" (Defs.' Mem. at 7). Defendants cite Natale v. Country Ford Ltd., 287 F.R.D. 135, 137 (E.D.N.Y. 2012), in support of this contention (Defs.' Mem. at 7).

Defendants conflate two independent issues -- the survival of Xie's wage and hour claims and whether his alleged commission of a homicide should preclude his estate from enforcing those claims.

---

[1] There is no formal suggestion of death upon the record here. However, defendants' do not contest this procedural anomaly. "The Second Circuit has held that Rule 25(a)(1) . . . requires that the statement of death be served on the involved parties." United States v. Arena, CV 02-5216 (JS)(WDW), 2007 WL 2907492 at *2 (E.D.N.Y. Aug. 24, 2007) (Report & Recommendation), adopted at 2007 WL 2907430 (E.D.N.Y. Sept. 30, 2007), quoting Unicorn Tales, Inc. v. Banerjee, supra, 138 F.3d at 469-70. Under the circumstances, I construe the motion itself, which reports Xie's death, "as serving the function of a suggestion of death, and further construe[] the motion for substitution as timely." United States v. Arena, supra, 2007 WL 2907492 at *2; see also Fed.R.Civ.P. 25 advisory committee's note (1963) ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death.").

Turning first to the question of the survival of Xie's claims, because "Rule 25 is procedural, it does not dictate whether or not a claim survives the death of a party." English v. Murphy-Lattanzi, 12-CV-419 (JS)(SIL), 2015 WL 630248 at *2 (E.D.N.Y. Feb. 12, 2015), citing Servidone Constr. Corp. v. Levine, 156 F.3d 414, 416 (2d Cir. 1998) and Allen ex rel. Allen v. Devine, supra, 2011 WL 5117619 at *2.

Instead,

> [A] claim survives a litigant's death "if applicable state law creates a right of survival." Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982). In New York, Section 11-3.2 of the Estates Powers and Trusts Law governs the survival of legal causes of action following a litigant's death. Section 11-3.2 states in relevant part that "[n]o cause of action for injury to person or property is lost because of the death of the person [in whose favor the cause of action existed]." N.Y. Est. Powers & Trusts Law § 11-3.2([b])[]; see also Barrett, 689 F.2d at 331; Roe, 2003 WL 22715832, at *2.

English v. Murphy-Lattanzi, supra, 2015 WL 630248 at *2 (footnote omitted, second alteration in original). Because Xie's wages are property, his Labor Law claims survive. See generally Bilanow v. United States, 309 F.2d 267, 268 (Ct. Cl. 1962) ("The right to employment and to earn a living free from undue molestation is a property right affecting the estate of plaintiff. Such right does not abate upon his death.").

6

"[U]nder federal common law, a federal [claim] survives the death of a party if it is remedial and not penal in nature." Int'l Cablevision, Inc. v. Sykes, 172 F.R.D. 63, 67 (W.D.N.Y. 1997). Because the FLSA is remedial, Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 275 (E.D.N.Y. 2013), citing Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008) and Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir. 1991), Xie's claims under the FLSA survive. Acebal v. United States, 60 Fed. Cl. 551, 556-57 (2004); accord Jankowski v. Castaldi, 01CV0164 (SJF)(KAM), 2006 WL 118973 at *7 (E.D.N.Y. Jan. 13, 2006).

To the extent defendants are claiming that Xie's commission of a homicide[2] should preclude his estate from enforcing his wage and hour claims, their argument is contrary to law. In most cases, New York does not strip convicted felons of their right to bring a civil action. New York Civil Rights Law Section 79(2) expressly preserves the right of individuals subject to a sentence other than life imprisonment to commence civil actions.[3]

---

[2]Given Xie's suicide, he was, apparently, never charged with or convicted of homicide. For purposes of resolving this motion, I shall assume, without deciding, that he did commit a homicide.

[3]Section 79(2) provides, in pertinent part:

> A sentence of imprisonment in a state correctional institution for any term less than for life or a sen-
> (continued...)

Although a criminal cannot ordinarily bring an action that would result in the criminal profiting from his criminal activity, see Sorrentino v. Barr Labs., 218 F. App'x 7, 8 (2d Cir. 2007) (summary order); Barker v. Kallash, 63 N.Y.2d 19, 25, 468 N.E.2d 39, 41, 479 N.Y.S.2d 201, 203 (1984), there is no allegation of any connection between Xie's wage and hour claims and the homicide defendants claim he committed.  Finally, Natale v. Country Ford Ltd. does not support defendants' argument.  That case merely stated that courts have discretion to decide whether to grant a motion for substitution under Fed.R.Civ.P. 25.  It does not remotely suggest that a plaintiff's conviction of a crime unrelated to a wage and hour claim prevents the plaintiff from asserting a claim under the FLSA.

      Accordingly, both Xie's FLSA and Labor Law claims survive his death, and there is no equitable reason to prevent his estate from asserting those claims.

---

[3](...continued)
    tence of imprisonment in a state correctional institution for an indeterminate term, having a minimum of one day and a maximum of natural life shall not be deemed to suspend the right or capacity of any person so sentenced to commence and prosecute an action or proceeding in any court within this state or before a body or officer exercising judicial, quasi-judicial or administrative functions within this state . . . .

3.   Proper Party

Plaintiffs contend that Zhang is the proper party to be substituted for Xie because he has received limited letters of administration for Xie's estate (Pls.' Reply at 2).

Under Fed.R.Civ.P. 25, a proper party for substitution is "either (1) a successor of the deceased party [--] a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party [--] a person lawfully designated by state authority to represent the deceased's estate."  Badalamenti v. Country Imported Car Corp., CV 10 4993 (SJF)(WDW), 2012 WL 6061639 at *9 (E.D.N.Y. Dec. 5, 2012), quoting Allen ex rel. Allen v. Devine, supra, 2011 WL 5117619 at *4 and citing Garcia v. City of New York, CV 08-2152 (RRM)(MDG), 2009 WL 261365 at *1 (E.D.N.Y. Feb. 4, 2009) and Graham v. Henderson, 224 F.R.D. 59, 64 (N.D.N.Y. 2004).  To be a lawfully designated representative, the party to be substituted must have received letters to administer the decedent's estate.  Garcia v. City of New York, supra, 2009 WL 261365 at *1; Graham v. Henderson, supra, 224 F.R.D. at 64.

Defendants do not appear to contest that Zhang is a "lawfully designated" representative of Xie's estate.  Instead,

9

defendants contend that Zhang should not be substituted because his limited letters of administration do not grant him the power to prosecute this action on Xie's behalf (Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Substitution Pursuant to F.R.C.P. 25, dated February 17, 2015 (Docket Item 65) ("Defs.' Sur-Reply") at 2).  Defendants' argue that there is no evidence that the Surrogate's Court granted Zhang the authority to prosecute this action, or was even aware the action existed, nor have plaintiffs' submitted proof that Xie's surviving family has knowledge that Zhang was appointed representative of Xie's estate (Defs.' Sur-Reply at 2).

        The Surrogate Court's decree noted that "a right of action exists, granted to the Administrator of the decedent by special provision of law or one which existed in behalf [sic] of the decedent" (Decree, annexed as Ex. 2 to Pls.' Reply).  The decree also placed restrictions on the administrator's powers: the administrator is not empowered, absent further order by the surrogate, (1) to collect or receive any fund or property on behalf of Xie, (2) to compromise an action on behalf of Xie, (3) to enforce a judgment entered in favor of Xie, or (4) to compromise or enforce a judgment in an action for Xie's wrongful death (Decree, annexed as Ex. 2 to Pls.' Reply).

The foregoing demonstrates that the Surrogate was aware that Xie had a claim at the time of his death, and the restrictions on Zhang's powers as administrator of Xie's estate do not prevent him from prosecuting the FLSA and Labor Law claims on behalf of Xie's estate. The decree does place restrictions on Zhang's powers with respect to settlement and collecting and enforcing a judgment. None of those powers are at issue at the moment.

Defendants further contend that Zhang should not be substituted on behalf of Xie's estate because Zhang is also a plaintiff in this action, resulting in a conflict of interest (Defs.' Sur-Reply at 2-3). Defendants contend that Zhang does not "have an interest in negotiating for the best possible fee arrangement with [p]laintiffs' counsel on behalf of the estate" and that Zhang has an interest "in making sure that Bin Xie's estate receives the same or smaller proportion of the final judgment or recovery as that of himself, but no more" (Defs.' Sur-Reply at 3).

The conflict that defendants argue would arise if Zhang were to prosecute Xie's claim on his behalf is only a conflict if defendants are unable to pay each plaintiff the full amount owed. Defendants offer no evidence that that is or will be the case.

The remainder of defendants' conflict arguments are purely speculative.

Accordingly, I find Zhang to be a proper party.

IV. Conclusion

Accordingly, for all the foregoing reasons, I grant plaintiffs' motion for substitution, and I grant plaintiffs leave to amend the complaint to reflect plaintiff Xie's substituted status. The Clerk of Court is directed to substitute Ji Hui Zhang, as representative of the Estate of Bin Xie, in place of Bin Xie as a plaintiff in the case and to amend the caption accordingly.

Dated: New York, New York
       March 9, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Benjamin L. Federici, Esq.
John Troy, Esq.
Honhohn Zeiss, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 119
Flushing, New York 11355

Benjamin B. Xue, Esq.
Hsien Chih Kung, Esq.
Xue & Associates, P.C.
401 Broadway, Suite 1009
New York, New York 10013