UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LAI YOONG LOW, et al.,                :
                                                          12 Civ. 7237 (HBP)
                      Plaintiffs,     :

                                                          OPINION
      -against-                       :               AND ORDER

TIAN YU INC., et al.,                 :

                      Defendants.     :

-----------------------------------X

            PITMAN, United States Magistrate Judge:


I.    Introduction


            Plaintiffs Ji Hui Zhang, Bin Xie and Lai Yoong Low

commenced this action against their former employer, Tian Yu Inc.

d/b/a Aki Sushi Restaurant Inc. ("Aki Sushi") and its principal

Zhao Yu Chen, to recover for alleged wage and hour violations

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et

seq., and New York Labor Law ("Labor Law"), N.Y. Lab. Law §§ 190

et seq., §§ 650 et seq. (Amended Complaint, dated December 18,

2012 (Docket Item 14) ("Am. Compl.") ¶¶ 1-2).  By notice of

motion dated May 12, 2014 (Docket Item 35), defendants move for

partial summary judgment pursuant to Federal Rule of Civil

Procedure 56 seeking to limit the periods for which each plain-

tiff can recover damages.  The parties have consented to my
exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

     For the following reasons, defendants' motion for
partial summary judgment is granted in part and denied in part.

II.  <u>Facts</u>

     This action arises out of plaintiffs' employment at Aki
Sushi, a sushi restaurant in New York City (Declaration of Zhao
Yu Chen, dated May 12, 2014 (Docket Item 37) ("Chen Decl.") ¶ 1).
Zhang and Xie were employed as deliverymen and Low was employed
as a waitress (Chen Decl. ¶¶ 2-4).  Plaintiffs all assert claims
under the FLSA and the Labor Law for a series of alleged viola-
tions, including failure to pay minimum wage, failure to pay
overtime, failure to pay spread of hours, failure to reimburse
for the purchase and maintenance of equipment, failure to reim-
burse for unauthorized deductions and failure to comply with the
FLSA and Labor Law posting requirements (Am. Compl. ¶¶ 1-2, 19).
Plaintiffs also seek liquidated damages and attorneys fees (Am.
Compl. ¶¶ 1-2).

     In their Amended Complaint, plaintiffs allege that
Zhang was employed at Aki Sushi from July 1, 2008 through Septem-
ber 30, 2010, that Low was employed from September 12, 2009

through May 15, 2010 and that Xie was employed from July 1, 2008 through September 30, 2010 (Am. Compl. ¶¶ 11-13).

A. <u>Zhang</u>

Zhang stated that he worked at Aki Sushi from July 1, 2008 through September 30, 2010 (Affidavit of Ji Hui Zhang, dated June 4, 2014 ("Zhang Aff."), annexed as Ex. A to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment, dated June 6, 2014 (Docket Item 43) ("Pls.' Mem."), ¶ 3). Zhang testified that Low and Xie both started working at Aki Sushi after he did (Deposition of Ji Hui Zhang ("Zhang Dep."), annexed as Ex. E to Defendants' Memorandum of Law in Support of Motion for Partial Summary Judgment, dated May 12, 2014 (Docket Item 36) ("Defs.' Mem."), at 65). Zhang did not remember when Low left (Zhang Dep., annexed as Ex. E to Defs.' Mem., at 65). Zhang testified that he continued to work at Aki Sushi after Xie left (Zhang Dep., annexed as Ex. E to Defs.' Mem., at 65).

In 2010, the United States Department of Labor ("DOL") conducted an investigation of Aki Sushi regarding possible wage and hour violations (Chen. Decl., annexed to Defs.' Mem., ¶ 5). The DOL found that Aki Sushi owed Zhang $1,083.99 for the period from February 16, 2008 through February 20, 2010 (DOL Summary of

3

Unpaid Wages, annexed as Ex. B to Defs.' Mem.; Chen. Decl.,
annexed to Defs.' Mem., ¶¶ 9-10).  Aki Sushi issued a check to
Zhang in June 2010 for the amount of $1,083.99 (Check, annexed as
Ex. D to Defs.' Mem.; Chen Decl. ¶ 13).  On August 31, 2010,
Zhang signed a DOL Receipt for Payment of Lost or Denied Wages,
Employment Benefits, or Other Compensation ("WH-58") (WH-58,
annexed as Ex. D to Pls.' Mem.).  The WH-58 purported to release
all claims under the FLSA that Zhang might have against Aki Sushi
for the period from February 16, 2008 through March 1, 2010 (WH-
58, annexed as Ex. D to Pls.' Mem.).  The WH-58 form contained
the following language:

> NOTICE TO EMPLOYEE UNDER THE FAIR LABOR STANDARDS
> ACT -- Your acceptance of back wages due under the Fair
> Labor Standards Act means that you have given up any
> right you may have to bring suit for back wages under
> Section 16(b) of that Act.  Section 16(b) provides that
> an employee may bring suit on his/her own behalf for
> unpaid minimum wages and/or overtime compensation and
> an equal amount as liquidated damages, plus attorneys'
> fees and court costs.  The statute of limitations for
> Fair Labor Stadards Act suits require that a suit for
> unpaid minimum wages and/or overtime compensation must
> be filed within 2 years of a violation of the Act,
> except that a suit for a willful violation must be
> filed within 3 years of the violation.  Do not sign
> this receipt unless you actually have received payment
> of all back wages due

(WH-58, annexed as Ex. D to Pls.' Mem.).

In his opposition to defendants' motion, Zhang states
that, on the day before the DOL investigation, Chen spoke with

each employee individually because he "wanted us to give testi-
mony as to what he advised us [to] say and told us how to talk
with the investigator from the [DOL]" (Zhang Aff., annexed as Ex.
A to Pls.' Mem., ¶ 5).  Zhang also states that Chen observed the
investigation and that Zhang "and the other employees understood
that if we did not say to the investigator whatever the [b]oss
wanted us to say that day, the employee [sic] would be fired"
(Zhang Aff., annexed as Ex. A to Pls.' Mem., ¶ 6).  Zhang further
states that "Chen wanted us to deposit the check to our bank
account and then refund all of the money to him" (Zhang Aff.,
annexed as Ex. A to Pls.' Mem., ¶ 7).  Chen denies that he ever
made any of these statements (Reply Declaration of Zhao Yu Chen,
dated June 16, 2014 (Docket Item 40) ¶¶ 2-5).

        After the investigation, Zhang went to the DOL and
picked up his check (Zhang Aff., annexed as Ex. A to Pls.' Mem.,
¶ 7).  Zhang states that he never deposited the check and instead
attempted to return it to Chen directly, but Chen refused to
accept it (Zhang Aff., annexed as Ex. A to Pls.' Mem., ¶ 8).

    B.   Xie

        Chen states that Xie worked at Aki Sushi from February
2010 through April 2010 (Chen. Decl. ¶¶ 16-17).  At his deposi-
tion, Xie testified that he worked for Aki Sushi for one month in

the spring of 2009 and then again from July 2009 through April 2010 (Deposition of Bin Xie ("Xie Dep."), annexed as Ex. E to Pls.' Mem., at 10-11; <u>accord</u> Affidavit of Bin Xie, dated June 4, 2014, annexed as Ex. B to Pls.' Mem., ¶ 4).

According to Xie, Zhang was working at Aki Sushi throughout the time he was there (Xie Dep., annexed as Ex. E to Pls.' Mem., at 11).  Xie also testified that he was paid $900 as a monthly base salary and usually made an additional $1,500 in tips each month (Xie Dep., annexed as Ex. G to Defs.' Mem., at 38).  In his interrogatory responses, Xie stated that he was paid $1,100 as a monthly base salary and earned another $1,800 per month in tips (Plaintiff Bin Xie's Responses to Defendants' First Set of Interrogatories, dated July 31, 2013, annexed as Ex. I to Defs.' Mem., ¶ 7).  Xie states that he signed documents when he received his bi-weekly paychecks, but that after signing for his paychecks he would return about one or two hundred dollars to his employer, which he was told was for taxes (Xie Dep., annexed as Ex. G to Defs.' Mem., at 47).

When Xie filed for unemployment benefits, Aki Sushi reported to the New York State Department of Labor ("NYS DOL") that it had employed Xie from February 1, 2010 through April 25, 2010 (Request for Employment and Wage Data ("Data Request"), annexed as Ex. F to Pls.' Mem.).  The form Aki Sushi submitted

6

instructed the employer to "[e]nter the TOTAL GROSS WAGES PAID in each quarter" and, "[i]f the employee did not work for you, [to] write 'NOT OUR EMPLOYEE'" for that quarter (Data Request, annexed as Ex. F to Pls.' Mem.).  Aki Sushi reported paying Xie $2,265.40 for the quarter from April 1, 2010 through June 30, 2010 and $5,339.60 for the quarter from January 1, 2010 through March 31, 2010 (Data Request, annexed as Ex. F to Pls.' Mem.).  Aki Sushi did not report making any other payments to Xie, but Aki Sushi did not mark Xie "not our employee" for any quarter (Data Request, annexed as Ex. F to Pls.' Mem.).  Xie's 2010 tax return shows a total income of $7,605 for that year (Bin Xie's Tax Return for 2010, annexed as Ex. J to Defs.' Mem.).

      C.   <u>Low</u>

      While Chen states that Low worked at Aki Sushi for five months, from January 2010 through May 2010 (Chen Decl. ¶ 20), Low testified that she worked at Aki Sushi from either September or October of 2009 through May 2010 (Deposition of Lai Yoong Low ("Low Dep."), annexed as Ex. G to Pls.' Mem., at 20-21; <u>see</u> <u>also</u> Affidavit of Lai Yoong Low, dated June 4, 2014 ("Low Aff."), annexed as Ex. C to Pls.' Mem., ¶ 3 (stating that she worked at Aki Sushi from September 2009 through May 2010)).  Low stated that she worked at Aki Sushi for about eight months and that

7

Zhang worked there the entire time she worked there (Low Dep., annexed as Ex. F to Defs.' Mem., at 9).  Low further testified that she was working at Aki Sushi when the DOL investigation occurred and remembers her boss telling the employees to leave the restaurant when the DOL was there (Low Dep., annexed as Ex. G to Pls.' Mem., at 21).  Low also stated that Xie started working at Aki Sushi after she was already working there (Low Dep., annexed as Ex. F to Defs.' Mem., at 24).

In her affidavit, Low states that before commencing employment at Aki Sushi, she worked at Toyo of Japan Restaurant in Mamaroneck, New York, through March 2009 (Low Aff., annexed as Ex. C to Pls.' Mem., ¶ 4).  Low also stated that during the time she worked at Aki Sushi in 2009, she did not receive a W-2 form (Low Aff., annexed as Ex. C to Pls.' Mem., ¶ 5).  Low's 2009 tax return shows an income of $5,040, and the only employer that she reported that year was Toyo of Japan Inc. (Lai Yoong Low's 2009 Tax Return, annexed as Ex. L to Defs.' Mem.).

III.  Analysis


A.    Legal Standards


1.   Summary Judgment


The standards applicable to a motion for summary

judgment are well-settled and require only brief review.

> Summary judgment may be granted only where there is no
> genuine issue as to any material fact and the moving
> party . . . is entitled to a judgment as a matter of
> law.  Fed.R.Civ.P. 56(c).  In ruling on a motion for
> summary judgment, a court must resolve all ambiguities
> and draw all factual inferences in favor of the non-
> moving party.  Anderson v. Liberty Lobby, Inc., 477
> U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
> To grant the motion, the court must determine that
> there is no genuine issue of material fact to be tried.
> Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106
> S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A genuine factual
> issue derives from the "evidence [being] such that a
> reasonable jury could return a verdict for the non-
> moving party."  Anderson, 477 U.S. at 248, 106 S.Ct.
> 2505.  The nonmoving party cannot defeat summary judg-
> ment by "simply show[ing] that there is some metaphysi-
> cal doubt as to the material facts," Matsushita Elec.
> Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586,
> 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), or by a factual
> argument based on "conjecture or surmise," Bryant v.
> Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The Su-
> preme Court teaches that "all that is required [from a
> nonmoving party] is that sufficient evidence supporting
> the claimed factual dispute be shown to require a jury
> or judge to resolve the parties' differing versions of
> the truth at trial."  First Nat'l Bank of Ariz. v.
> Cities Serv. Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575,
> 20 L.Ed.2d 569 (1968); see also Hunt v. Cromartie, 526
> U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999).
> It is a settled rule that "[c]redibility assessments,
> choices between conflicting versions of the events, and

the weighing of evidence are matters for the jury, not
for the court on a motion for summary judgment."
Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997).

McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006); accord Hill
v. Curcione, 657 F.3d 116, 124 (2d Cir. 2011); Jeffreys v. City
of New York, 426 F.3d 549, 553-54 (2d Cir. 2005); Powell v. Nat'l
Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004).

  "Material facts are those which 'might affect the
outcome of the suit under the governing law,' and a dispute is
'genuine' if 'the evidence is such that a reasonable jury could
return a verdict for the nonmoving party.'" Coppola v. Bear
Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007), quoting Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord McCarthy
v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007).
"'[I]n ruling on a motion for summary judgment, a judge must ask
himself not whether he thinks the evidence unmistakably favors
one side or the other but whether a fair-minded jury could return
a verdict for the [non-movant] on the evidence presented[.]'"
Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 788 (2d Cir.
2007) (second alteration in original), quoting Readco, Inc. v.
Marine Midland Bank, 81 F.3d 295, 298 (2d Cir. 1996).

  Entry of summary judgment is appropriate "against a
party who fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on

10

which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "In such a

situation, there can be 'no genuine issue as to any material

fact,' since a complete failure of proof concerning an essential

element of the nonmoving party's case necessarily renders all

other facts immaterial."  Celotex Corp. v. Catrett, supra, 477

U.S. at 322-23, citing Fed.R.Civ.P. 56.

A court cannot make credibility determinations or weigh

the evidence in ruling on a motion for summary judgment.

> [T]he court must draw all reasonable inferences in
> favor of the nonmoving party, and it may not make
> credibility determinations or weigh the evidence.
> Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-555,
> 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990); Liberty Lobby,
> Inc., supra, at 254, 106 S.Ct. 2505; Continental Ore
> Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696,
> n.6, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962).  "Credibility
> determinations, the weighing of the evidence, and the
> drawing of legitimate inferences from the facts are
> jury functions, not those of a judge."  Liberty Lobby,
> supra, at 255, 106 S.Ct. 2505.  Thus, although the
> court should review the record as a whole, it must
> disregard all evidence favorable to the moving party
> that the jury is not required to believe.  See Wright &
> Miller 299.  That is, the court should give credence to
> the evidence favoring the nonmovant as well as that
> "evidence supporting the moving party that is uncontra-
> dicted and unimpeached, at least to the extent that
> that evidence comes from disinterested witnesses."
> Id., at 300, 106 S.Ct. 2505.

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51

(2000); accord In re Dana Corp., 574 F.3d 129, 152 (2d Cir.

2009); Tolbert v. Queens College, 242 F.3d 58, 70 (2d Cir. 2001).

2.   The FLSA and
     the Labor Law


On a motion for summary judgment,

if an employer's records are inaccurate or inadequate,
an employee need only present "sufficient evidence to
show the amount and extent of [the uncompensated work]
as a matter of just and reasonable inference," [Ander-
son v. Mt. Clemens Pottery Co., 328 U.S. 680, 687
(1946)].  See, e.g., Von Friewalde v. Boeing Aerospace
Operations, Inc., 339 Fed. Appx. 448, 455, 460 (5th
Cir. 2009); Brown v. Family Dollar Stores of Ind., LP,
534 F.3d 593, 594-98 (7th Cir. 2008); Allen v. Bd. of
Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1315-18 (11th
Cir. 2007); Magnoni v. Smith & Laquercia, LLP, 661 F.
Supp. 2d 412, 417-18 (S.D.N.Y. 2009).  Consistent with
Anderson, an employee's burden in this regard is not
high.  See 328 U.S. at 687, 66 S.Ct. 1187 (remedial
purpose of FLSA militates against making employee's
burden an "impossible hurdle").  It is well settled
among the district courts of this Circuit, and we
agree, that it is possible for a plaintiff to meet this
burden through estimates based on his own recollection.
See, e.g., Canela-Rodriguez v. Milbank Real Estate, No.
09 Civ. 6588 (JSR), 2010 WL 3701309, at *2, 2010 U.S.
Dist. LEXIS 98884, at *5 (S.D.N.Y. Sept. 20, 2010);
Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381,
388 (E.D.N.Y. 2007); Magnoni, 661 F. Supp. 2d at 417-
18.

Kuebel v. Black & Decker Inc., 643 F.3d 352, 362 (2d Cir. 2011)

(first alteration in original); accord McNamara v. Associated

Press, 12 Civ. 2559 (HBP), 2014 WL 4105961 at *6 (S.D.N.Y. Aug.

21, 2014) (Pitman, M.J.); Gunawan v. Sake Sushi Rest., 897 F.

Supp. 2d 76, 84 (E.D.N.Y. 2012); see also Jiao v. Shi Ya Chen, 03

Civ. 0165 (DF), 2007 WL 4944767 at *3 (S.D.N.Y. Mar. 30, 2007)

(Freeman, M.J.) ("Like the FLSA, 'in the absence of adequate records,' New York law also 'places the burden on the employer to show the employee was properly compensated.'"), quoting Yang v. ACBL Corp., 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005) (Sand, D.J.) and citing N.Y. Lab. Law § 196-a.

      B.    Analysis of
             Defendants' Arguments

Defendants move for partial summary judgment in an attempt to limit the periods of potential liability with respect to each plaintiff.  First, defendants seek dismissal of all of Zhang's claims.  They argue that Zhang waived his FLSA claims through March 1, 2010 pursuant to a DOL supervised settlement, that Zhang's FLSA claims arising after March 1, 2010 should be dismissed based on lack of evidence, and that I should decline to exercise supplemental jurisdiction over Zhang's Labor Law claims. Next, defendants argue that Xie only worked at Aki Sushi from February 2010 through April 2010, and, therefore, his claims outside of this period should be dismissed.  Lastly, defendants contend that Low's claims arising prior to January 2010 should be dismissed because, according to defendants, Low did not work at Aki Sushi before then.

1.   <u>Zhang</u>

   a.   FLSA Claims Through
        <u>March 1, 2010</u>

   Defendants argue that Zhang waived his FLSA claim for
the period prior to March 1, 2010 pursuant to a settlement
supervised by the DOL (Defs.' Mem. at 5).

   Under Section 216(c) of the FLSA,

   [t]he Secretary is authorized to supervise the payment
   of the unpaid minimum wages or the unpaid overtime
   compensation owing to any employee or employees under
   section 206 or section 207 of this title, and the
   agreement of any employee to accept such payment shall
   upon payment in full constitute a waiver by such em-
   ployee of any right he may have under subsection (b) of
   this section to such unpaid minimum wages or unpaid
   overtime compensation and an additional equal amount as
   liquidated damages.

29 U.S.C. § 216(c).

   A waiver under this Section requires "'(a) that the
employee agree to accept payment which the Secretary [of Labor]
determines to be due and (b) that there be payment in full,'
. . . and both elements must be satisfied independently."
<u>Zhengfang Liang v. Cafe Spice SB, Inc.</u>, 911 F. Supp. 2d 184, 198
(E.D.N.Y. 2012), <u>quoting</u> <u>Parada v. Banco Indus. de Venezuela,
C.A.</u>, 10 Civ. 0883 (SHS), 2011 WL 519295 at *9 (S.D.N.Y. Feb. 15,
2011) (Stein, D.J.), <u>aff'd</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u>
<u>grounds</u>, 753 F.3d 62 (2d Cir. 2014), <u>and</u> <u>citing</u> <u>Walton v. United</u>

14

Consumers Club, Inc., 786 F.2d 303, 305 (7th Cir. 1986) and Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

Zhang claims that he was coerced into accepting the DOL settlement. Although Zhang does not dispute that he signed a WH-58, Zhang claims that Chen monitored the employees' conversations with DOL investigators and threatened to fire any employee who did not tell the investigators what Chen told the employees to say (Zhang Aff., annexed as Ex. A to Pls.' Mem., ¶ 6). Zhang states that after defendants reached an agreement with the DOL and defendants issued Zhang a check for $1083.99, the full amount the DOL determined was due, Chen instructed Zhang to deposit the check in his bank account and then refund the money to Chen (Zhang Aff., annexed as Ex. A to Pls.' Mem., ¶ 7). Zhang did not deposit the settlement check and, instead, offered the check back to Chen; Chen, however, "forced [Zhang] to take the check back" (Zhang Aff., annexed as Ex. A to Pls.' Mem., ¶ 8). Zhang kept the check but never cashed it (Zhang Aff., annexed as Ex. A to Pls.' Mem., ¶ 7). Defendants do not controvert Zhang's statement that he never cashed the check.

Plaintiffs cite Woods v. RHA/Tenn. Grp. Homes, Inc., 803 F. Supp. 2d 789, 800 (M.D. Tenn. 2011), for the proposition that a DOL settlement pursuant to Section 216(c) is invalid if it is the product of undue pressure by the employer (Pls.' Mem. at

15

4-5). <u>Woods</u> has been followed by only one other court, <u>see</u>
<u>Victoria v. Alex Car, Inc.</u>, No. 11 C 9204, 2012 WL 1068759 at *4
(N.D. Ill. Mar. 29, 2012), and at least one decision in this
Circuit has expressly rejected it. <u>Callari v. Blackman Plumbing</u>
<u>Supply, Inc.</u>, 988 F. Supp. 2d 261, 290 (E.D.N.Y. 2013), <u>reh'g</u>
<u>denied</u> (Apr. 28, 2014).

      "[C]ourts that have determined that a plaintiff's FLSA
claims were waived pursuant to a DOL settlement have found that
the waiver occurred pursuant to plaintiff's receipt of a WH-58
form, which contains explicit waiver language, or a similar form
containing explicit waiver language." <u>Callari v. Blackman</u>
<u>Plumbing Supply, Inc.</u>, <u>supra</u>, 988 F. Supp. 2d at 278, <u>citing</u>
<u>Zhengfang Liang</u>, <u>supra</u>, 911 F. Supp. 2d at 198-99; <u>accord</u>
<u>Blackwell v. United Drywall Supply</u>, 362 F. App'x 56, 58 (11th
Cir. 2010) (<u>per</u> <u>curiam</u>); <u>Kaiser v. At the Beach, Inc.</u>, No.
08-CV-586-TCK-FHM, 2010 WL 5114729 at *10 (N.D. Okla. Dec. 9,
2010); <u>Selz v. Investools, Inc.</u>, No. 2:09-CV-1042 TS, 2010 WL
1451347 at *5 (D. Utah Apr. 8, 2010).  Chen's alleged statements
are insufficient to render Zhang's signing of the WH-58 invalid.
Although Zhang now contends that he was coerced into signing the
WH-58 Form,

            the WH-58 contains an unambiguous statement that (1) an
            employee can bring an action pursuant to FLSA § 16(b)
            for, among other things, unpaid wages and (2) by sign-

> ing the WH-58, [plaintiff] would be waiving his right
> to bring such a lawsuit.  Thus, the WH-58 was very
> clear about [plaintiff]'s options and that he was
> forfeiting his right to bring an FLSA claim by accept-
> ing the back wages and signing the WH-58.

Callari v. Blackman Plumbing Supply, Inc., supra, 988 F. Supp. 2d

at 290.  Defendants' alleged threats and demands are insufficient

to vitiate the release.  See also Sneed v. Sneed's Shipbuilding,

Inc., supra, 545 F.2d at 538-40, 539 n.6 (finding valid waiver

under Section 216(c) after the plaintiff's employer told him that

he had to sign a release, which contained language substantially

identical to the WH-58, to get a check and the plaintiff signed

the release and received the check but never cashed it); Kong

Shun Ni v. Tian Yu Inc., 11 Civ. 6483 (KBF), Slip Op. at *3

(S.D.N.Y. Feb. 5, 2015) (Forrest, D.J.) (finding that "defen-

dants' tender of both the check and the money orders (for

$2,640.96) fulfills [their] substantive obligation to make

payment in full" even though plaintiff never cashed the check).

      This result is also consistent with the case law

generally applicable to payments tendered in settlement.

> > It is settled New York doctrine that, when there
> > is a dispute as to the amount due and the debtor sends
> > a check for less than the amount the creditor claims
> > and expresses a clear intention that the check repre-
> > sents full payment of what is owed, the cashing or
> > retention of the check by the creditor operates as
> > accord and satisfaction of the dispute.

Gen. Sys. Corp. v. Newsnet, Inc., 84 Civ. 1658, 1988 WL 34816 at
*3 (S.D.N.Y. Apr. 7, 1988) (Carter, D.J.) (emphasis added);
accord Carrion v. United Airlines, Inc., 13-CV-4875 (NGG)(RER),
2014 WL 3856385 at *3 (E.D.N.Y. July 30, 2014).

      Accordingly, to the extent that Zhang is asserting an
FLSA claim for the period prior to March 1, 2010, I conclude that
any claim as to that period has already been released.

                b.   FLSA Claims from
                    March 1, 2010 Through
                    September 30, 2010

      Zhang's FLSA claims cover the period from July 1, 2008
through September 30, 2010 (see Zhang Aff., annexed as Ex. A to
Pls.' Mem., ¶ 3).  There is no dispute that Zhang's waiver is
limited to FLSA claims that accrued as of March 1, 2010 (see
Pls.' Mem. at 5; Defs.' Mem. at 11).  Defendants contend that
Zhang's claims arising after March 1, 2010 should be dismissed
because they are not supported by sufficient evidence (Defs.'
Mem. at 12).

      Defendants here have not produced any records of
Zhang's employment from March 1, 2010 through September 30, 2010.
As a result, plaintiffs' burden of proof on this motion is not
heavy, and it is satisfied here by Zhang's testimony at his
deposition and in his affidavit.  See Anderson v. Mt. Clemens

Pottery Co., 328 U.S. 680, 687 (1946); Kuebel v. Black & Decker Inc., supra, 643 F.3d at 362.

Accordingly, I deny defendants' motion for summary judgment with respect to Zhang's FLSA claims arising after March 1, 2010.

c.   Labor Law Claims

Defendants argue that if I dismiss Zhang's FLSA claims, I should decline to exercise supplemental jurisdiction over his Labor Law claims (Defs.' Mem. at 12).

Because I find that some of Zhang's FLSA claims survive summary judgment, I retain jurisdiction over his Labor Law claims. Boutros v. JTC Painting & Decorating Corp., 989 F. Supp. 2d 281, 287 (S.D.N.Y. 2013) (Engelmayer, D.J.) ("[B]ecause [plaintiff]'s FLSA overtime claim remains live, the Court will continue, for the time being, to exercise supplemental jurisdiction."); Akwesi v. Uptown Lube & C/W, Inc., 07 Civ. 335 (NRB), 2007 WL 4326732 at *5 (S.D.N.Y. Dec. 3, 2007) (Buchwald, D.J.) ("Since defendant has been unsuccessful in dismissing the plaintiff's federal claim at this time, and since all the claims arise from the same nucleus of events, the exercise of supplemental jurisdiction at this stage is entirely appropriate."), citing 28

U.S.C. § 1367(a) <u>and</u> <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 725 (1966).

    2.  <u>Xie</u>

Defendants seek dismissal of all Xie's claims outside the period from February 2010 to April 2010 (Defs.' Mem. at 13). Plaintiffs contend that Xie worked at Aki Sushi for one month in the spring of 2009 and then commenced continual employment in July 2009 (Pls.' Mem. at 9).  Plaintiffs do not dispute that Xie stopped working at Aki Sushi in April 2010 (Pls.' Mem. at 9).

In support of their contention that Xie started working at Aki Sushi in February 2010, defendants argue (1) that Xie is not credible because he denied the statements he made in his interrogatories, (2) that Low testified that she started working at Aki Sushi before Xie did, contradicting Xie's statements about the dates he worked there, (3) that Low testified that Xie worked at Aki Sushi for only three months, (4) that documents submitted to the NYS DOL in connection with Xie's application for unemployment benefits indicate that Xie started working at Aki Sushi in February 2010, and (5) that Xie's income reported on his 2010 tax return is consistent, based on his testimony regarding earnings, with three months of work in 2010 (Defs.' Mem. at 14-16).

First, as discussed above, the credibility of witnesses is not appropriately resolved on a motion for summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., supra, 530 U.S. at 150-51; In re Dana Corp., supra, 574 F.3d at 152.  As a result, to the extent defendants' arguments require me to credit one witness's statement over another, they fail to show that there is no genuine issue of material fact as to when Xie worked at Aki Sushi.  In addition, while defendants also insist that a NYS DOL form accurately reflects Xie's dates of employment at Aki Sushi, that NYS DOL form was completed by Aki Sushi, and therefore is not an admission by Xie.

Lastly, defendants' argument that Xie's claimed income is consistent with three months of work in 2010 is not sufficient to warrant summary judgment.  Defendants argue that if the amount reported on Xie's taxes for 2010 is divided by the amount Xie estimates he was paid each month, the result is "congruent" with Xie having worked at Aki Sushi from February 2010 through April 2010 (Defs.' Mem. at 15-16).  While defendants argue that this evidence "tends to contradict" Xie's allegations (Defs.' Mem. at 13), I cannot weigh the evidence on a motion for summary judgment.  Lytle v. Household Mfg., Inc., supra, 494 U.S. at 554-55; Cine SK8, Inc. v. Town of Henrietta, supra, 507 F.3d at 788 ("[I]n ruling on a motion for summary judgment, a judge must ask

himself not whether he thinks the evidence unmistakably favors
one side or the other."). Defendants' evidence is not suffi-
ciently persuasive to negate the existence of a genuine issue of
material fact. Gunawan v. Sake Sushi Rest., supra, 897 F. Supp.
2d at 84. In any event, defendants' argument fails to account
for any time Xie might have worked at Aki Sushi in 2009.

Accordingly, I deny defendants' motion for summary
judgment with respect to Xie's claims prior to February 2010. I
grant defendants' motion for summary judgment with respect to
Xie's claims arising after April 2010, because it is not disputed
by plaintiffs that Xie stopped working at Aki Sushi sometime in
April 2010.

    3.   Low

Low claims to have worked for Aki Sushi from September
12, 2009 through May 15, 2010 (Pls.' Mem. at 11). Defendants
seek dismissal of all claims brought by Low for the period prior
to January 2010 based on their contention that Low did not work
for Aki Sushi prior to that date (Defs.' Mem. at 16). In support
of this contention, defendants argue (1) that, when asked when
she started working at Aki Sushi, Low waited thirty seconds
before responding, showing she lied about the dates she worked
there, (2) that Chen stated in an affidavit that Low started

                            22

working at Aki Sushi in January 2010, (3) that Aki Sushi does not appear on Low's 2009 tax return, and (4) that if Low was paid off the books in 2009 and did not report her income, that would constitute tax fraud, and, therefore, Low cannot bring claims for that time (Defs.' Mem. at 16-18).

First, credibility cannot be resolved on a motion for summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., supra, 530 U.S. at 150-51, ("[T]he court . . . may not make credibility determinations or weigh the evidence."), citing Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-55 (1990); In re Dana Corp., supra, 574 F.3d at 152 ("[T]he court considering a summary judgment motion must disregard all evidence favorable to the moving party that the jury is not required to believe." (internal quotation marks omitted)).  As a result, all of defendants' arguments based on credibility fail, including defendants' contention that Low lied about the dates she worked at Aki Sushi.

With respect to defendants' next argument, the fact that Low did not report income from Aki Sushi on her 2009 tax return does not conclusively prove that she did not work there in 2009.  See Chang Mei Lin v. Yeh's Bakery, Inc., 12-CV-2146 (JG), 2013 WL 867436 at *3 (E.D.N.Y. Mar. 7, 2013); Amaya v. Superior Tile & Granite Corp., 10 Civ. 4525, 2012 WL 130425 at *4-*5 (S.D.N.Y. Jan. 17, 2012) (Gardephe, D.J.).  Low testified that

she began working at Aki Sushi in the fall of 2009 (Low Dep., annexed as Ex. G to Pls.' Mem., at 20-21).   "[C]hoices between conflicting versions of the events . . . are [not] matters for . . . the court on a motion for summary judgment." Fischl v. Armitage, supra, 128 F.3d at 55.  Because defendants have not produced records of Low's hours, Low here can meet her burden of demonstrating a genuine issue of fact with her deposition testimony alone.  See Anderson v. Mt. Clemens Pottery Co., supra, 328 U.S. at 687; Kuebel v. Black & Decker Inc., supra, 643 F.3d at 362.

Lastly, I reject defendants' contention that Low's claims should be dismissed if they were for a time when she was paid off the books.  Defendants' cite no cases in support of this argument.  To the extent that this is an argument of unclean hands, that defense has been held to be inapplicable in this context.  Uto v. Job Site Servs. Inc., 269 F.R.D. 209, 213 (E.D.N.Y. 2010) (Damages claims under the FLSA and Labor Law are legal claims; the equitable defense of unclean hands is inapplicable.), citing Aniero Concrete Co. v. N.Y.C. Constr. Auth., 94 Civ. 9111, 95 Civ. 3506, 1998 WL 148324 at *10 (S.D.N.Y. Mar. 30, 1998) (Haight, D.J.) and Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 464 (S.D.N.Y. 2008) (Crotty, D.J.).  In addition, if Low was paid off the books, defendants' hands are

equally unclean.  By paying an employee off the books, an employer not only evades its obligation to withhold taxes, it also evades its obligation to pay the employer's share of Social Security and Medicare taxes.  <u>See</u> 26 U.S.C. § 3111(a); <u>United States v. Cleveland Indians Baseball Co.</u>, 532 U.S. 200, 205 (2001) ("Under FICA, both employees and employers must pay tax on wages to fund Social Security and Medicare . . . .").

Accordingly, I deny defendants' motion for summary judgment with respect to Low's claims.

IV.  <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I grant defendants' motion for partial summary judgment with respect to Zhang's FLSA claims from February 16, 2008 through March 1, 2010 and Xie's claims arising after April 2010, and I deny the balance of defendants' motion for partial summary judgment.

Dated:  New York, New York
        March 11, 2015

                          SO ORDERED

                          HENRY PITMAN
                          United States Magistrate Judge

25

Copies mailed to:

Benjamin L. Federici, Esq.
John Troy, Esq.
Honhohn Zeiss, Esq.
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 119
Flushing, New York 11355

Benjamin B. Xue, Esq.
Hsien Chih Kung, Esq.
Xue & Associates, P.C.
401 Broadway, Suite 1009
New York, New York 10013