```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LAI YOONG LOW, et al.,                  :

                    Plaintiffs,         :

        -against-                       :

TIAN YU INC., doing business as         :
"Aki Sushi Restaurant, Inc.,"
et al.,                                 :

                    Defendants.         :

----------------------------------X
```

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 3/31/2016            │
└─────────────────────────────────┘
```

12 Civ. 7237 (HBP)

DECISION
AND ORDER

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the settlement reached in this matter.  The parties application was made by letter dated March 15, 2016 (Docket Item 104).  The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action for allegedly unpaid wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law.  Plaintiffs also assert claims based on defendants' alleged failure to provide a variety of notices required by New York State law.

Plaintiffs alleges that they were formerly employed by defendants in various capacities.  Plaintiff Low alleges that she

was employed as a waitress from September, 2009 through May 2010. Plaintiffs Xie and Zhang allege that they were employed as delivery workers and that they also did miscellaneous work such as refilling beverage machines, cutting cardboards and packing sauces. Xie and Zhang both allege that each worked for defendants from July, 2008 through September, 2010. Exclusive of liquidated and statutory damages, Low claims that she is owed $17,355 in unpaid wages, Xie claims that he is owed $19,989 in unpaid wages and Zhang claims that he is owed $23,841 in unpaid wages. Thus, plaintiffs' aggregate unpaid wage claim, exclusive of liquidated and statutory damages, is $61,185. Plaintiffs' claims appear to be based entirely on their uncorroborated testimony.

Defendants take issue with almost all of plaintiffs' material allegations. Defendants dispute the length of time that each plaintiff worked for defendants, the hours that each of the plaintiffs worked per week and whether defendants properly applied the state and federal tip credit. Defendants also contend that all notices required by statute were provided to each of the plaintiffs. Finally, defendants also state that they maintained contemporaneous records that corroborate their factual assertions. If defendants' version of the events is credited by the factfinder, plaintiffs would recover nothing.

2

The gross settlement amount is $30,000.00 to be paid in
six equal monthly installments commencing on April 1, 2016.  The
foregoing settlement was reached after multiple settlement
sessions between counsel.

> Court approval of an FLSA settlement is appropriate
> "when [the settlement] [is] reached as a result of
> contested litigation to resolve bona fide disputes."
> Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376,
> at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed
> settlement reflects a reasonable compromise over con-
> tested issues, the court should approve the settle-
> ment."  Id. (citing Lynn's Food Stores, Inc. v. United
> States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1
(S.D.N.Y. Apr. 4, 2013) (Baer, D.J.).  "Typically, courts regard
the adversarial nature of a litigated FLSA case to be an adequate
indicator of the fairness of the settlement."  Beckman v.
Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.),
citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,
1353-54 (11th Cir.1982).

The settlement figure represents approximately one-half
of plaintiffs' claimed unpaid wages.  Given the uncertainty of
litigation, the fact that plaintiffs' case, at least at this
point, is based entirely on plaintiffs' own testimony and that
plaintiff bears the burden of proof and defendants' representa-
tion that they have contemporaneous documentary evidence corrobo-
rating their factual assertions, the settlement represents a fair

3

and reasonable compromise of plaintiffs' claims.[1]  I appreciate that the amount of the settlement is not overly large, but it appears that a recovery for plaintiffs is far from certain.

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with preju-dice and without costs.

Dated:  New York, New York
        March 31, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[1]I do not address the fee arrangement between plaintiffs and their counsel because I do not believe I am required to do so under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer.  796 F.3d at 206.  I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

4